IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHARLES THOMAS MONROE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 09-1004-SLR |
| | ) |
| MICHAEL BRYAN, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 9th day of December, 2010, having considered plaintiff's letter/motion for injunctive relief (D.I. 28);

IT IS ORDERED that the motion is **denied**, for the reasons that follow:

1. **Background**. Plaintiff Charles Thomas Monroe ("plaintiff"), a prisoner incarcerated at the James T. Vaughn Correctional Center, Smyrna, Delaware, filed a complaint pursuant to 42 U.S.C. § 1983. On October 31, 2010, plaintiff filed a letter, construed as a motion for injunctive relief, seeking a transfer to a different prison facility and to stop the "lies", stating that correctional officers were telling inmates that plaintiff is a rapist and informant. (D.I. 9) The State defendants responded to the motion as ordered by the court. (D.I. 31, 33)

2. This court has recognized the serious implications of being labeled a "snitch" in prison. *Blizzard v. Hastings*, 886 F. Supp. 405, 410 (D. Del. 1995) (being labeled a snitch "can put a prisoner at risk of being injured"); *see also Brown v. Narvais*, 265 F. App'x 734, 735 (10th Cir. 2008) (not reported) (a prison officer's deliberate disclosure of dangerous information about an inmate's status (i.e., child molester) is sufficient to

state a claim under the Eighth Amendment provided the alleged danger is facially concrete and plausible enough to satisfy basic pleading standards).

3. **Standard**. A preliminary injuction is "an extraordinary remedy that should be granted only if (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enterprises, Inc.*, 176 F.3d 151, 153 (3d Cir. 1999) ("*NutraSweet II*"). The elements also apply to temporary restraining orders. See *NutriSweet Co. v. Vit-Mar Enterprises., Inc.,* 112 F.3d 689, 693 (3d Cir. 1997) ("*NutraSweet I*") (a temporary restraining order continued beyond the time permissible under Rule 65 must be treated as a preliminary injunction, and must conform to the standards applicable to preliminary injunctions). "[F]ailure to establish any element in [a plaintiff's] favor renders a preliminary injunction inappropriate." *NutraSweet II*, 176 F.3d at 153. Furthermore, because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *Rush v. Correctional Med. Services, Inc.*, 287 F. App'x 142, 144 (3d Cir. 2008) (not published) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

4. **Discussion**. Plaintiff seeks a transfer to a different correctional institution. He states that C/O Warrington ("Warrington") told an inmate that he was a rapist and informant. When plaintiff confronted Warrington about the comments, he stated, "you're a tree-jumper and everybody knows it." (D.I. 28) Plaintiff states that the comments were made in front of a nurse and C/O Deepe ("Deepe"). In Warrington's

affidavit, he denied telling others that plaintiff is a rapist and/or informant and denied making the "tree-jumper" statements. Similarly, Deepe states that he did not witness Warrington making any of the statements attributed to him by plaintiff.

5. Upon review of the allegations made by plaintiff and the affidavits submitted by defendants, the court concludes that he has not demonstrated the likelihood of success on the merits. In addition, with regard to transfer to a different institution, the Delaware Supreme Court has recognized that prison officials have discretion to house inmates at the facilities they choose. *Walls v. Taylor*, 856 A.2d 1067, 2004 WL 906550 (Del. 2004) (table) (citing *Brathwaite v. State*, No. 169, 2003 (Del. Dec. 29, 2003). Furthermore, the United States Supreme Court has held that an inmate has no due process right to be incarcerated in a particular institution whether it be inside the state of conviction, or outside that state. *Olim v. Wakinekona,* 461 U.S. 238, 251 (1983). Finally, granting injunctive relief is in contravention of the public's interest in the effective and orderly operation of its prison system. *Carrigan v. State of Delaware*, 957 F. Supp. 1376, 1385 (D. Del. 1997).

6. **Conclusion**. For the above reasons, the court will deny plaintiff's letter/motion for injunctive relief. (D.I. 28)

_____
UNITED STATES DISTRICT JUDGE