IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHARLES T. MONROE, )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PERRY PHELPS, MICHAEL BRYAN, )<br>RAYMOND HANNUM, )<br>)<br>Defendants. ) | Civ. No. 09-1004-SLR |

**MEMORANDUM ORDER**

At Wilmington this 19th day of May, 2011, having reviewed the motion to dismiss filed by defendant Raymond Hannum ("Hannum"), as well as the papers filed in connection therewith;

IT IS ORDERED that said motion (D.I. 29) is granted, as follows:

1. **Background.** Plaintiff Charles T. Monroe ("plaintiff"), an inmate at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, filed this lawsuit against defendants Perry Phelps ("Phelps"), Michael Bryan ("Bryan") and Hannum pursuant to 42 U.S.C. § 1983. He proceeds pro se and was granted leave to proceed in forma pauperis. Presently before the court is defendant Raymond Hannum's motion to dismiss. (D.I. 29)

2. As is proper with a motion to dismiss, plaintiff's factual allegations as asserted in the complaint are taken as true. *See Roberts v. White*, 620 F. Supp. 2d 620, 623 (D. Del. 2009). The allegations asserted in the complaint are as follows: On January 7,

2008 defendant Bryan came up behind plaintiff, grabbed him in a choke hold, and slammed him to the floor, injuring plaintiff's back and neck. (D.I. 2 at 3, ¶ 2) Bryan never called any security codes prior to the attack. (*Id.*) Additionally, plaintiff alleges that Bryan fabricated several disciplinary reports against him in an attempt to either justify his actions or retaliate against plaintiff for threatening to seek legal recourse. (*Id.*)

3. Plaintiff continues to allege that, a few minutes after Bryan slammed him to the floor, defendant Hannum took the shoes off his feet. (*Id.* at ¶ 3) Hannum also went through plaintiff's personal property and took several receipts for items plaintiff purchased from the commissary. (*Id.*) Lastly, Hannum fabricated several disciplinary reports saying plaintiff had unauthorized clothing. (*Id.*) According to plaintiff, these actions were an attempt to justify Bryan's assault on plaintiff and to retaliate against plaintiff for threatening to implicate Hannum as Bryan's conspirator. (*Id.*)

4. **Standard of Review.** Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillip v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

5. A well-pleaded complaint must contain more than mere labels and

conclusions. *See Ashcroft v. Iqbal*, –U.S.–, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. V. Twombly*, 550 U.S. 544 (2007). When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d. Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that plaintiff has a "plausible claim for relief." *Id.* at 211; *see also Iqbal*, 129 S.Ct. at 1949; *Twombly*, 550 U.S. at 570. In other words, the complaint must do more that allege plaintiff's entitlement to relief; rather, it must "show" such an entitlement with its facts.

6. A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

7. The assumption of truth is inapplicable to legal conclusions or to '[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

8. A court may appropriately "dismiss a complaint based on an affirmative

defense when an affirmative defense is 'apparent on the face of a complaint.'" *Dragotta v. West View Sav. Bank*, 395 Fed. Appx. 828, 831 (3d. Cir. 2010) (quoting *Rycoline Prods., Inc. v. C & W Unlimited*, 109 F.3d 883, 886 (3d Cir. 1997)). Exhibits attached to the complaint are considered a part of the complaint. *See* Fed. R. Civ. P. 10(c).

9. **Discussion.** Here, Hannum asserts the affirmative defense that plaintiff failed to exhaust his administrative remedies prior to filing suit as required under 42 U.S.C. § 1997e(a) and, therefore, the claim against him must be dismissed. (D.I. 30 at ¶ 3)

10. The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see Porter v. Nussle*, 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."). Hannum has the burden of pleading and proving failure to exhaust administrative remedies as an affirmative defense in a § 1983 action. *See Ray v. Kertes*, 285 F.3d 287, 295-96 (3d. Cir. 2002).

11. Under § 1997e(a), "an inmate must exhaust [administrative remedies] irrespective of the form of relief sought and offered through administrative avenues." *Booth v. Churner*, 532 U.S. 731, 741 n. 6 (2001). Exhaustion means proper exhaustion, that is, "a prisoner must complete the administrative review process in

4

accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006).

12. "'[P]rison grievance procedures supply the yardstick' for determining what steps are required for exhaustion." *Williams v. Beard*, 482 F.3d 637, 639 (3d Cir. 2007) (quoting *Spruill v. Gillis*, 372 F.3d 218, 231 (3d Cir. 2004)). A prisoner must complete the administrative review process in accordance with the applicable procedural rules in order to satisfy the exhaustion requirement of the PLRA. *Nickens v. Department of Corr.*, 277 Fed. Appx. 148, 152 (3d Cir. 2008) (citing *Williams*, 482 F.3d at 639; *Spruill*, 372 F.3d at 228, 231). A futility exception to the PLRA's mandatory exhaustion requirement is completely precluded. *Banks v. Roberts*, 251 Fed. Appx. 774, 776 (3d Cir. 2007) (citing *Nyhuis v. Reno*, 204 F.3d 65, 71 (3d Cir. 2000)). The exhaustion requirement is absolute, absent circumstances where no administrative remedy is available. *See Spruill*, 372 F.3d at 227-28; *Nyhuis*, 204 F.3d at 67. A grievance procedure is not available, even if one exists on paper, if the defendant prison officials somehow prevent a prisoner from using it. *Mitchell v. Horn*, 318 F.3d 523 (3d Cir. 2003). If prison authorities thwart the inmate's efforts to pursue the grievance, administrative remedies may be presumed exhausted, as no further remedies are "available" to him. *Brown v. Croack*, 312 F.3d 109, 112-13 (3d Cir. 2002).

13. Delaware Department of Correction administrative procedures provide for a multi-tiered grievance and appeal process. DOC Policy 4.4 (revised May 15, 1998). Grievances must be submitted to the Inmate Grievance Chair (IGC) within seven calendar days following the incident. *Id.* The IGC then attempts an informal resolution

of the matter. *Id.* If this fails, the grievance is forwarded to the Resident Grievance Committee (RGC). *Id.* After a hearing, the RGC makes a recommendation, which is forwarded to the Warden/ Warden's Designee. *Id.* If the grievant and Warden/ Warden's Designee agree with the recommendation, the matter is resolved. *Id.* If there is no agreement, the grievance is forwarded to the Bureau Grievance Officer (BGO) for a final decision. *Id.*

14. The record reflects that plaintiff did not exhaust his grievances complaining of the incident with Hannum. (D.I. 2 at 8) Plaintiff submitted one grievance regarding his complaint. (*Id.*) The grievance pertains to the complaint against Bryan but does not pertain to the allegations of misconduct against Hannum. (*Id.*) Although plaintiff's grievance states that Hannum allowed plaintiff to use the phone, it makes no allegations of deliberate indifference or conspiracy against Hannum. (*Id.*) Because plaintiff did not attempt to raise his concerns regarding Hannum's conduct through the internal administrative grievance procedure, plaintiff is barred by § 1997e(a) from bringing this action against Hannum.

15. **Conclusion.** For the reasons discussed above, the court grants Hannum's motion to dismiss.

_____
United States District Judge