IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHARLES THOMAS MONROE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civ. No. 09-1004-SLR ) |
| MICHAEL BRYAN, | ) ) |
| Defendant. | ) ) |

**MEMORANDUM ORDER**

At Wilmington this 19th day of September, 2011, having considered plaintiff's motion for appointment of counsel and the papers submitted in connection therewith;

IT IS ORDERED that said motion (D.I. 26) is denied for the reasons that follow:

1. Plaintiff asserts that the assistance of counsel is necessary because the law library takes too long to fulfill requests and expert testimony is needed to advance his claims. (*Id.*)

2. A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel. *See Ray v. Robinson*, 640 F. 2d 474, 477 (3d Cir. 1981); *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). It is within the court's discretion to seek representation by counsel for plaintiff, and this effort is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting . . . from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984); *accord Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law).

3. After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel, including:

> (1) the plaintiff's ability to present his or her own case;
> (2) the difficulty of the particular legal issues; (3) the degree
> to which factual investigation will be necessary and the ability
> of the plaintiff to pursue investigation; (4) the plaintiff's capacity
> to retain counsel on his own behalf; (5) the extent to which a
> case is likely to turn on credibility determinations; and
> (6) whether the case will require testimony from expert witnesses.

*Tabron*, 6 F.3d at 155-57; *accord Parham*, 126 F.3d at 457; *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002).

4. Considering plaintiff's assertion, as well as the record, in light of this authority, the court finds that appointment of counsel is unwarranted at this time. Significantly, the record reflects plaintiff is ably representing himself as demonstrated by his ability to coherently present his claims and requests for relief. There is no evidence that prejudice will result in the absence of counsel.

                                                                                  /s/ _____
                                                                                United States District Judge